UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-239(DSD/TNL)

United States of America,

        Plaintiff,

v.                              **ORDER**

Ricardo Ramone Wagner,

        Defendant.

This matter is before the court upon defendant Ricardo Ramone Wagner's motions for compassionate release under 18 U.S.C. § 3582 and motion to vacate sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motions are denied.

**BACKGROUND**

On October 1, 2018, Wagner was indicted for being a felon in possession of a firearm, under 18 U.S.C. §§ 922(g)(1) and 924(e)(1). ECF No. 1. On October 25, Wagner filed a motion to suppress evidence obtained from the search of his car. ECF No. 23. On January 2, 2019, Wagner's counsel informed the court that Wagner was withdrawing his pretrial motions because Wagner and the government had reached a plea agreement. ECF No. 42. On February

1, 2019, Wagner pleaded guilty to being a felon in possession of a firearm.  ECF No. 47.

In the plea agreement, Wagner acknowledged that he had at least one prior felony conviction and that he knew he was not permitted to possess a firearm.  ECF No. 48, at 2.  During the plea hearing, Wagner admitted that he had at least one underlying felony conviction.  ECF No. 79, at 22:13-16.  When asked if he was "prohibited legally from possessing a firearm because of [his] felony conviction," he responded "[y]es."  Id. at 22:17-20.  When asked if he "knew based on [his] prior felony that possessing this firearm is against the law," he responded "[y]es, I do."  Id. at 23:19-21.

The court sentenced him to seventy months' imprisonment with three year's supervised release to follow.  ECF No. 64.  Wagner is due to be released on March 1, 2024.  See https://bop.gov.inmateloc (last visited Apr. 26, 2021).

On May 21, 2020, Wagner moved pro se to vacate his sentence under 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel.  ECF No. 76.  He first argues that his counsel was ineffective because she allowed Wagner to plead guilty even though he did not fully understand the charge against him. Specifically, Wagner argues that he did not know that, under Rehaif v. United States, 139 S. Ct. 2191 (2019), the government needed to prove not only that he knowingly possessed a gun, but also that he knew he

was prohibited from possessing the gun due to his felon status. Second, Wagner argues that his counsel was ineffective because she did not stay his plea hearing pending the Rehaif decision.[1] Third, Wagner argues that his counsel was ineffective in failing to wait for a ruling on his motion to suppress before allowing him to plead guilty.

On or about September 18, 2020, Wagner requested compassionate release from the warden of his facility. ECF No. 90, at 7. On September 22, the warden denied the request. Id. On October 16, Wagner moved pro se for relief under the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c)(1)(A). ECF No. 49. On January 21, 2021, Wagner filed an amended motion for compassionate release with additional briefing. ECF No. 90. Wagner argues that his asthma, Gilbert syndrome, and an allegedly untreated heart condition put him at grave risk should he become infected with COVID-19. Of note, Wagner contracted COVID-19 in October 2020, had only mild symptoms, and recovered. ECF No. 95-1, 6-11, 13-15.

Wagner is confined at Oxford FCI, which currently has no COVID-19 cases. See COVID-19 Coronavirus: COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated Apr. 23, 2021).

---

[1] Wagner pleaded guilty on February 1, 2019. ECF Nos. 47-48. Rehaif was decided on June 21, 2019.

3

The government opposes the motions. As to the § 2255 motion, the government argues that the claims are factually meritless, improperly raised, and fail to state a valid claim of ineffective assistance of counsel. With respect to compassionate release, the government argues that Wagner has not shown extraordinary and compelling reasons for his release or that the sentencing factors weigh in favor of his release.

**DISCUSSION**

**I. Section 2255 Motion**

Section 2255 provides a defendant with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). "Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks and citations omitted).

### A. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Wagner must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Wagner must show that counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. Id. at 687. "There is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." Jackson v. United States, 956 F.3d 1001, 1006 (8th Cir. 2020) (internal brackets omitted) (quoting Toledo v. United States, 581 F.3d 678, 680 (8th Cir. 1990)).

Second, he must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. In the context of a guilty plea such as Wagner's, he can establish prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

1. **Rehaif Claims**

Section 922(g)(1) makes it unlawful for a convicted felon to possess a firearm. In Rehaif v. United States, the United States Supreme Court clarified that it was not enough for the government to prove that the defendant knowingly possessed a firearm to be found guilty of violating §§ 922(g)(1) and 924(a)(2). 139 S. Ct. at 2200. Instead, the government must prove both that the defendant knowingly possessed a firearm and that the defendant knew he was a convicted felon at the time of possession. Id.

Wagner argues that his plea was not knowing, intelligent, and voluntary because he did not receive adequate notice of the true nature of the charge against him, as set forth in Rehaif. See ECF No. 76 at 4. He also asserts that he did not know that he was prohibited from possessing a gun because of his prior felony conviction. See id. Wagner's claims are belied by the record.

As detailed above, Wagner admitted in the plea agreement that he had at least one prior felony conviction and that he knew he was prohibited from possession a firearm. ECF No. 48, at 2. Likewise, during the plea hearing, Wagner admitted that he was a felon and that he knew he was prohibited from possessing a firearm because of his felony conviction. ECF No. 79, at 22:13-20; 23:19-21. Under these circumstances, Wagner does not have a viable Rehaif claim. As such, Wagner cannot establish that his counsel

6

was ineffective in advising him to plead guilty and in failing to move to stay the case pending the decision in Rehaif.

### 2. Motion to Suppress

Wagner also contends that his counsel provided ineffective assistance when she advised him to withdraw his motion to suppress and plead guilty. As discussed above, Wagner must establish under Strickland that his counsel's performance was deficient and that her actions were prejudicial. 466 U.S. at 687. Wagner does not have a viable claim due to his prior admissions regarding his counsel's performance and his inability to establish prejudice.

As a preliminary matter, if a defendant contemporaneously asserts that counsel was effective at his change of plea, "those statements are strongly presumed to be true, and a later claim of ineffective assistance of counsel is flatly contradicted." United States v. McDonald, No. 12-cv-1967, 2012 WL 4871842, at *2 (D. Minn. Oct. 15, 2012) (internal quotations omitted) (citing Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997)). Here, Wagner stated at the plea hearing that he was satisfied with his counsel, had enough time to talk with her, and was willing to take her advice. ECF No. 79, at 25:21-26:17. Furthermore, he stated that his counsel answered all of his questions and told him what she thought would happen if Wagner went to trial. Id. These admissions directly undermine his claim that his counsel was deficient.

7

Wagner also cannot establish that his counsel's actions were prejudicial. Wagner can establish prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Wagner has failed to establish that he would have insisted on going to trial absent his counsel's "poor" advice. In the plea agreement, Wagner acknowledged that he had the right to file pretrial motions and agreed to withdraw those pending motions. ECF No. 48 ¶ 3. During the plea hearing, Wagner stated that he knew that he had pending motions to suppress that would not be ruled on given his decision to plead guilty. ECF No. 79, at 5:11-23. Given the record, the court cannot conclude that Wagner would have insisted on going to trial absent his counsel's advice that he plead guilty.

In sum, Wagner has not established his ineffective assistance of counsel claims, and the court must deny his § 2255 motion.

**B. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The court is firmly convinced that Wagner's motion

is baseless, and that reasonable jurists could not differ on the results. A certificate of appealability is not warranted.

**II. Compassionate Release Motions**

The First Step Act allows for a reduction in sentence or compassionate release where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant may seek such relief from a district court, however, he must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [30 days must have elapsed] from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A). The court finds the exhaustion period has expired given Wagner's previous request to the BOP for release.

The government argues that Wagner has failed to establish extraordinary and compelling reasons for his release. The court agrees. The Sentencing Commission has issued policy statements setting forth the circumstances under which relief may be warranted under § 3582. Among them includes "suffering from a serious physical or mental condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," U.S.S.G. § 1B1.13, cmt. 1(A). "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction

9

in sentence set forth in the Sentencing Commission's policy statement on compassionate release." United States v. Eberhardt, No. 13-cr-313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).

Wagner has failed to establish that he has medical conditions so serious as to render him unable to care for himself in prison should he contract COVID-19. Wagner contracted COVID-19 in October 2020, and he was fortunately able to care for himself and recover without incident. Although he does have asthma, it is mild and well controlled. ECF No. 95-1, at 4, 8. Mild asthma, Gilbert disease, and Wagner's undocumented heart condition do not rise to the level of extraordinary and compelling circumstances.[2] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Mar. 29, 2021) (noting that moderate to severe asthma, but not mild asthma, can make one more likely to get severely ill from COVID-19).

Even if Wagner could meet his burden, the court nevertheless would deny the motions for compassionate release. The court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Given his extensive criminal history, the

---

[2] Wagner admits in his briefing that Gilbert syndrome is a "mild liver disorder" that "generally does[] [not] require treatment." ECF No. 90-1 at 14, 16.

court finds that Wagner would be a danger to the community if he were to be released at this time. Although the court commends Wagner's disciplinary record in confinement, the court is not convinced that he has served enough time to ensure that he will not reoffend.

The § 3553(a) factors also weigh against release. Under the circumstances presented, a substantial reduction in sentence would not reflect the seriousness of the crime, provide just punishment, or take into account Wagner's history and characteristics. See 18 U.S.C. § 3553(a)(1), (a)(2)(A).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion to vacate under § 2255 [ECF No. 76] is denied;

2. The court denies a certificate of appealability under 28 U.S.C. § 2253; and

3. The motions for compassionate release [ECF Nos. 83, 90] are denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 27, 2021

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court